AMÉRICO MIRANDA, Plaintiff and Appellee, *v.* JOSÉ MARÍA JARABO, Defendant and Appellant.

No. 9098. Argued April 2, 1945.—Decided May 2, 1945.

*Carlos D. Vázquez* for appellant.   *Dubón & Ochoteco* and *Otero Suro & Otero Suro* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

In 1943 the plaintiff purchased the house herein. On May 19, 1944, he notified the defendant—who was living in the house at the time of the purchase by virtue of a contract of lease between the defendant and the former owner—to vacate the house.[1]  The defendant failed to vacate the house, whereupon the plaintiff brought the present unlawful detainer suit in the district court. The defendant has appealed from the judgment ordering his eviction.

The defendant first contends that original jurisdiction in this case was in the municipal court, not the district

---

[1] This case is a sequel to *Miranda* v. *District Court*, 63 P.R.R. 155. The unlawful detainer suit did not prosper there because at that time the plaintiff was living in a house which had been his property within the year preceding the commencement of the action (Act No. 14, Laws of Puerto Rico, 1941, Special Session). When that was no longer true, the plaintiff sent the notice herein. This second notice was required because of O.P.A. Regulations, § 6(D) (1) that a notice to vacate must be given ten days prior to the date on which vacancy is required or ten days prior to commencement of an action for eviction. These facts make it clear that the plaintiff at no time assumed the prior lease. Nor does the defendant make this contention.

court. His theory is that this is an action of unlawful detainer not at sufferance but on a contract with consideration of less than $1,000 annually. This argument goes like this: the defendant was in possession by virtue of a contract of lease, and he was therefore not a mere *detentador;* moreover, when possession was originally obtained under a contract, holding over at its expiration or after termination is not possession at sufferance. In support of his position, he cites § 1461 of the Civil Code, *Roger* v. *López Acosta, District Judge,* 28 P.R.R. 523, and *Cerra* v. *González,* 29 P. R.R. 270.

The authorities cited by the defendant do not apply to the facts herein: On the contrary, this court has held that when the purchaser brings an action to evict the lessee of the former owner, jurisdiction lies in the district court. (*Sosa* v. *Río Grande Agrícola Co., Ltd.,* 17 P.R.R. 1106; *O'Rourke* v. *Pacheco,* 18 P.R.R. 943; *Angleró* v. *Fernández,* 31 P.R.R. 249, 251–52; *Arrache et al.* v. *Carlsson,* 33 P.R.R. 243; *Flores* v. *Delgado,* 34 P.R.R. 745.) In *Cuesta* v. *Ortiz,* 29 P.R.R. 460, we expressly distinguished the facts in the *Cerra* case from the facts herein; and for the same reasons, *Padua* v. *Municipal Court,* 55 P.R.R. 781, is not applicable here.

The defendant also attempts to bolster his theory that the district court had no jurisdiction by arguing that Act No. 14, Laws of Puerto Rico, 1941, Special Session, and the O.P.A. Regulations had the legal effect of extending his contract of lease, and that he therefore does not hold at sufferance. We find no merit in this contention. The plaintiff was admittedly never bound by the lease contract, and he never assumed it. The insular Act and the Federal regulations do not purport to create private contractual relations. Due to the emergency conditions created by the war, the Federal and insular governments have undertaken by fiat of law to protect possession of housing facilities, and to require

certain conditions to be met, before such possession can be terminated. But we find nothing in these statutes which operates to create private contractual relations between parties who have never so agreed. Nor do we find any expression in the insular law or the Federal regulations of an intent to change the jurisdiction in cases like the present one from the district to the municipal courts. There is no merit in the contention that the district court had no jurisdiction in this case.

The next contention of the defendant is that even if the district court has jurisdiction as a general proposition, it was not properly invoked here because the notice to vacate did not fulfill the requirements of the O.P.A. Regulations. Section 6(D)(1) of the Regulations requires that the ten-day notice shall state on which of the grounds set forth in Subsection A the owner predicates his right to possession. Without the notice the eviction could not have taken place (see Annotation, 150 A.L.R. 1462, 1467). But such a notice was duly served on the defendant and on the O.P.A. as required by the Regulations. It was dated May 19, 1944, and recited that the plaintiff had bought the house ''with the sole and exclusive purpose of living in it together with his family''; that the defendant has refused and continues to refuse to vacate it; and that ''As he resides at present in a house that is not and never has been his property, we hereby require you to vacate and surrender the said house on or before May 31, 1944,'' or else judicial proceedings would be brought to obtain possession thereof.

It might have been better for the notice to recite specifically that possession was sought in ''good faith'' and for ''immediate occupancy,'' since those are requirements of Act No. 14 of 1941. However, we think that the need for immediate occupancy can be gathered from the terms of the notice as a whole. And as to good faith, that is a requirement to be found as a fact by the district court under Act No.

14·; the notice as such is required only by virtue of the O. P.A. Regulations. But we cannot interpret the Regulations in such a hyper-technical manner that the provisions of both Act No. 14 and the Regulations must be repeated word for word in the notice. The purpose of the requirement that the notice specify the grounds for eviction is to give the tenant sufficient information to dispute the validity of the request to vacate, and in a proper case to give him the opportunity to discontinue violation of obligations of the tenancy on which the landlord bases his right of ouster. (See Annotation, 145 A.L.R. 1484, 1486.) Here the notice asserted that the plaintiff needed the house for personal residence and that the house he was living in did not and never had belong to him. That was sufficient to comply with the Regulations and to apprise the defendant of his right, if any, under Act No. 14 of 1941. We see no purpose in making it an indispensable requirement that the landlord recite in the notice his own good faith. The tenant could, if he chose, put in issue in the courts the good faith of the owner. Indeed, he has done so in this case. But to hold now that the plaintiff, who bought this house two years ago for a personal residence,[2] has not under all the circumstances herein duly notified the defendant of that intention as required by law and regulation would be unrealistic in the extreme. We find the notice sufficient.[3]

The last error relates to the weighing of the evidence. The record contains sufficient evidence to sustain the findings of fact. We are therefore not at liberty to disturb them.

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.

[2] See *Miranda* v. *District Court*, 63 P.R.R. 155.

[3] We have not overlooked two Superior Court California cases, *Lester* v. *Isaac*, 146 P.(2d) 524, and *Wrenn* v. *Sutton*, 150 P.(2d) 589, but cannot follow them in what seems to us an unduly technical rule.